ADOLPH FISCH, APPELLANT, v. ROSE WEINBERG, RESPONDENT.

Argued October 25, 1924—Decided January 19, 1925.

1. A married woman is liable upon her contract of endorsement, when she receives money or property for her own use for the endorsement, to the same extent as if she were a *feme sole.*
2. A married woman receiving the title to real estate as security for her contract of endorsement is liable on such endorsement where as part of the transaction she receives with the title the beneficial use of the property in the form of rents.

On appeal from the Essex County Circuit Court.

For the appellant, *Kessler & Kessler* and *Simon L. Fisch* (*Palmer Bradner,* of counsel).

For the respondent, *Harry Green.*

The opinion of the court was delivered by

Lloyd, J.   Adolph Fisch, the plaintiff in the court below, was the holder of two promissory notes bearing date respectively March 15th, 1923, and April 5th, 1923, each in the sum of $1,000, and payable two months after date. These notes were executed by the Fur Felt Hat Company, and endorsed by Moses Adler, J. Ignatoff, Jacob A. Weinberg and Rose Weinberg.   Suit was instituted in the Essex Circuit against the four endorsers.   The record does not show what became of the action in so far as Adler and Ignatoff are concerned, but it proceeded to trial against Jacob A. Weinberg and Rose Weinberg, his wife.   At the conclusion of the proofs the court directed the jury to find a verdict against Jacob A. Weinberg for the amount of the notes, with interest, and a verdict for the defendant, Rose Weinberg.

The history of the case discloses that Fisch was a creditor of the Fur Felt Hat Company, having sold it goods and advanced it moneys, and that he held the obligations of that company therefor.   He also had received as security from that company the deed to certain real estate.   Jacob Weinberg was interested in the company and was also its treasurer, and there came a time when he desired to obtain a larger interest in it, and the company itself needed additional money to carry on its business.   In this situation it applied to Mrs. Weinberg for financial assistance.   She, apparently, desirous of assisting her husband in his purposes, agreed to advance to the company the sum of $12,000, but insisted upon being secured therein.   The plaintiff being the holder of the property of the hat company as security for his claims, made it necessary for the parties to deal with him in order to effectuate the purposes of Mr. and Mrs. Weinberg.   Conferences

took place and resulted in an agreement that the plaintiff should receive from Mrs. Weinberg her endorsement on notes representing his claim, that he should surrender the property to the hat company, and that the latter, in turn, should transfer the same by deed to Mrs. Weinberg. This arrangement was carried out. Mrs. Weinberg endorsed the notes, being the ones in suit, reconveyance was made to the company of the property, and the company, in turn, made an absolute conveyance to Mrs. Weinberg. She also advanced the $12,000 to the company as contemplated in the arrangement.

The case is here on appeal from so much of the rulings of the trial court as resulted in the direction of a verdict in favor of the defendant, Rose Weinberg. The reason stated by the learned trial judge for this ruling was that Rose Weinberg, being a married woman, was not legally bound by her endorsement because of the protection afforded by the Married Women's Property act, as amended (*Pamph. L.* 1895, *p.* 821), and that as such she had received the property described in the deed as security only. In this we think there was error. During the progress of the trial the transfer of this property was repeatedly referred to by counsel on both sides as a security for her indebtedness and obligations, and the trial court may well, in consequence, have lost sight of certain portions of the testimony which, if noticed, would have led to a different conclusion. While it is true that the deed was a security for the claims which she held, and the obligations which she had incurred, the uncontradicted testimony developed that it was much more than this. The testimony of Mrs. Weinberg herself clearly establishes that she not only received an absolute deed to the property, but that she, in turn, leased it back to the company, receiving a rental therefor.

While the exact nature of the transaction was not fully developed because of the cutting off of the inquiries directed to that end, sufficient appears in the evidence to indicate that Mrs. Weinberg is not protected by the Married Women's Property act, the pertinent provisions of which are that a

married woman may bind herself by contract in the same manner and to the same extent as though she were unmarried, with the proviso that "nothing therein shall enable such married woman to become an accommodation endorser, guarantor or surety * * * and provided, further, that if, on the faith of any endorsement, contract of guaranty or suretyship * * * any married woman obtains directly or indirectly any money, property or other thing of value for her own use or for the use, benefit or advantage of her separate estate she shall be liable thereon as though she were unmarried."

It is entirely true that she was an endorser for the accommodation of another, and so far within the terms of the proviso. It is not true that she obtained nothing for her own use. Under her own testimony, as given in the case, she received, in fact, the full title to the property and its beneficial use in the rentals to be derived therefrom. It is stated in the brief of the appellant that this rental was at the rate of $200 per month, and that she retained the property, and, subsequently, sold it, taking the proceeds to her own use. These statements we find no evidence in the record to support. The receipt of the rents, however, is sufficient to meet the requirements of the statute. Whether this rental should prove to be profitable or unprofitable or whether they were great or small is not for the court to measure. It is sufficient if she received, directly or indirectly, any money or property for her own use.

On this question in the case of *Perkins* v. *Elliott,* 23 *N. J. Eq.* 526, 534, Chief Justice Beasley uses this pertinent language: "In testing the wife's right to act as *feme sole,* the only question is whether she is to derive any benefit from the transaction, for if such benefit is to accrue, her right to bind herself is unquestionable. In the absence of fraud or imposition, this court [Chancery] cannot attempt to measure the adequacy of the interest which has induced her action."

In the case of *Vliet* v. *Eastburn,* 64 *N. J. L.* 627, where the married woman had received the sum of $80 for the use of her name as a surety on a note for $2,080, the present

Chief Justice, in dealing with the degree of benefit derived by the married woman, says (at *p.* 647) : "The extent of her liability would be measured by the terms of her undertaking without regard to whether the consideration received by her for doing so was great or small."

Tested by this rule Mrs. Weinberg received, within the terms of the statute, property for her own use for the endorsement upon which, in this action, she is sought to be made liable. It follows that under the evidence in the case the direction of a verdict for the defendant was error, and the judgment is therefore reversed, and a *venire de novo* awarded.

*For affirmance*—THE CHANCELLOR, TRENCHARD, BLACK, JJ.    3.

*For reversal*—THE CHIEF JUSTICE, PARKER, MINTURN, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, CLARK, MCGLENNON, KAYS, JJ.    11.